FILED
2011 Sep-12  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| ZACHARY WALTER CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:10-CV-1289-RDP |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF DECISION

Plaintiff, Zachary Walter Curry, brings this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act") seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI").  *See* 42 U.S.C. § 1383(c). Based upon the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

### I. Proceedings Below

This action arises from Plaintiff's application for Title XVI SSI dated November 30, 2007, alleging disability beginning on October 1, 2005.[1] (Tr. 109-15, 126-28). Plaintiff's application was denied initially and again upon reconsideration.  (Tr. 66-67, 74). On April 11, 2008, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 22, 77). Plaintiff's request was granted and a video hearing was conducted on September 8, 2009.  Also present at the hearing was a Vocational Expert. (Tr. 23-65, 84-106).

---

[1] Plaintiff admits in his hearing with the ALJ that he filled in the wrong date when he initially applied for Social Security benefits. Therefore, Plaintiff's alleged onset date of disability was amended to November 28, 2007. (Tr. 43).

The ALJ entered his decision on November 2, 2009, finding that Plaintiff is not disabled under Section 1614(a)(3)(A) of the Act. (Tr. 13-21). On March 17, 2010 the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1), thereby making the Commissioner's decision final, and therefore, a proper subject of this court's review. 42 U.S.C. § 405(g).

At the time of the hearing, Plaintiff was 52 years old and had completed a high school level (12 years or more) of education. (Tr. 30, 154). Plaintiff had previously worked as a stocker, forklift driver, welder, and production assembler. (Tr. 138-40). Plaintiff's prior work as a stocker and welder is considered heavy, semi-skilled work; his prior work as a forklift driver is considered medium, semi-skilled; and his work as a production assembler is considered light, unskilled. (Tr. 54). Plaintiff alleges disability due to damaged nerves following back surgery. (Tr. 74). Plaintiff further alleges worsening back pain that makes it difficult for him to stand or walk for long periods of time. (Tr. 81). Finally, Plaintiff claims that his memory and ability to sleep and concentrate are also adversely affected. (Tr. 81).

Plaintiff's pain results from a hemilaminotomy discetomy that was performed on November 30, 2007 at the L5-S1 on the left where a disc was removed freeing a trapped nerve root. (Tr. 221). The more common description of Plaintiff's condition is degenerative disease of the back. (Tr. 36). Plaintiff received post-operative care from Northeast Orthopedic Clinic on December 6, 2007 and December 13, 2007. (Tr. 218-19). On December 6, 2007, Plaintiff complained of slight back pain near the incision and residual numbness in the S1 distribution. (Tr. 219). On that date Plaintiff received a prescription for Lortab and was told to come back one week later. (Tr. 219). Plaintiff returned to Northeast Orthopedic Clinic on December 13, 2007 for a follow-up appointment complaining of back and leg pain. (Tr. 218). Additionally, Plaintiff

claimed that the medication he was prescribed was not working and it was keeping him awake at night. (Tr. 218). Plaintiff's staples were removed and he was given a refill for Lortab and also was prescribed Lyrica. His treatment notes showed that "everything look[ed] good." (Tr. 218). Plaintiff was instructed to return in one month for a final check on his progress. (Tr. 218). Plaintiff did not return for the final visit and when he requested additional Lortab on December 26, 2007, his request was denied. (Tr. 229). Plaintiff admitted to the ALJ that he no longer had sufficient funds to pay for his medications and was taking aspirin to alleviate his pain. (Tr. 39).

Plaintiff also testified that he experienced problems with depression and weight loss due to stress, though the medical records do not show persistent complaints, diagnosis, or treatment for depression. (Tr. 52).

## II.  ALJ Decision

Disability under the Act is determined based upon a five-step test. 20 C.F.R. § 404.1520(a)(4). First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is defined as work activity that is both substantial and gainful. "Substantial work activity" is work that involves doing a significant physical or mental activity. 20 C.F.R. § 416.972(a). Furthermore, "gainful work activity" is work that is typically done for pay or profit, regardless of whether or not a profit is realized. 20 C.F.R. § 416.972(b). If an ALJ finds that a claimant engages in both substantial and gainful activity, then the claimant is barred from claiming disability.

Second, the ALJ must decide whether the claimant has a medically determinable impairment or a combination of impairments considered severe within the meaning of the Regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 416.920(c). If the ALJ finds that the claimant does not have a severe, medically

determinable impairment or combination of impairments, the claimant is not considered disabled under the Act.

In consideration of the third step, the ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). If the ALJ finds that the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing, and meets the duration requirement, the process moves on to the fourth step.

If the claimant is not found to be disabled under the third step, prior to evaluating the fourth step of the process, the ALJ must first determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite any limitations from the claimant's impairments. In making this finding, the ALJ must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. § 416.920(e). After this preliminary step has been completed, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work. 20 C.F.R. § 416.920(f). The term "past relevant work" plainly means work performed, either as the claimant actually performed it or as it is generally performed in the national economy, within the last fifteen years (or fifteen years prior to the date that disability must be established). Further, the work must have lasted for a time sufficient for the claimant to learn the job and be considered substantial gainful activity. 20 C.F.R. §§ 416.960(b), 416.965. If it is found that the claimant possesses the RFC to do past relevant work, the claimant is not considered disabled. If the claimant is unable to do any past relevant work or does not have any past relevant work, the analysis will then proceed to the final step.

At the fifth and final step of the sequential evaluation process (20 C.F.R. § 416.920(g)), the ALJ must decide whether the claimant is able to perform any other work considering his RFC, age, education, and work experience. If the claimant is found capable of doing other work, he is not considered to be disabled. In order to support a finding that a claimant is not disabled at this step, the ALJ is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.912(g), 416.960(c). If the claimant is unable to do other work and meets the duration requirement, he is considered to be disabled.

In the instant case, the ALJ determined that Plaintiff: (1) has not engaged in substantial gainful activity since November 30, 2007, his application date; (2) has the impairment of status post Hemilaminotomy/Discectomy at L5-S1 (Degenerative Disc Disease); but (3) does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

After consideration of the entire record, the ALJ determined that Plaintiff does possess the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that he must avoid concentrated exposure to hazardous conditions including moving machinery and unprotected heights. In addition, the ALJ determined Plaintiff's work should be limited to simple, routine, and repetitive tasks. (Tr. 17). Relying upon the vocational expert's testimony, the ALJ determined that Plaintiff is capable of performing the requirements of representative occupations such as general assembler of fan parts or wiring harnesses, with approximately 2,000 jobs available in Northern Alabama, and more than 100,000 jobs available nationwide. (Tr. 20, 56, 58).

### III.  Plaintiff's Argument for Reversal

Plaintiff's argues that the ALJ's decision contains two errors of law.  First, he asserts that the ALJ committed error by failing to develop the record post surgery and post hearing concerning the impact of the residuals of back surgery and degenerative disc disease on his ability to engage in and sustain substantial gainful work activity. (Pl's Mem. 2).  Second, Plaintiff contends that the ALJ's disability determination is erroneously based on a state agency RFC assessment by a non-medical source.  In particular, Plaintiff claims that the ALJ was inconsistent by acknowledging that he had considered "non-examining assessments" made by state agency non-medical consultants, and that the documents, while they do not merit any weight, are based on clinical findings which are generally consistent with the medical record. (Pl.'s Mem. 9).

### IV.  Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,  *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988);  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence.  *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

Plaintiff seeks a judicial review of an adverse social security ruling. Plaintiff maintains that this court should remand this case to the Commissioner with directions to conduct additional medical development and give additional medical and vocational consideration to the issue of whether or not Plaintiff is disabled. (Pl.'s Mem. 11). For the following reasons the court affirms the ALJ's decision denying benefits.

**A.**     **The Commissioner's Decision to Deny Plaintiff's Disability is Supported by Substantial Evidence and Proper Legal Standards Were Applied**

Plaintiff must demonstrate that the decision of the ALJ is not supported by substantial evidence. While this is a heavy burden, Plaintiff maintains that it is not insurmountable. (Pl.'s Mem. 3). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984). Plaintiff argues that the evidence the ALJ relied upon in making his decision does not meet the substantial evidence requirement. Plaintiff offers the following observation by the Eleventh Circuit:

> Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's fact finding and her policy judgments, we must still make certain that she has exercised reasonable decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *see Owens v. Heckler*, 748 F.2d 1511, 1514 (11th Cir. 1984). Plaintiff's argument fails because the ALJ's decision was based on substantial evidence and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In Social Security Disability cases, it is emphatically the claimant who "bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). In other words it is not the ALJ's responsibility to go beyond the scope of the record in making his determinations. Additionally, a claimant must establish a *prima facie* case by showing that he has a disability prevents him from performing past relevant work. *See Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). If the claimant succeeds in doing this, the burden then shifts to the Commissioner to demonstrate that other jobs are available to the claimant that he can perform given his RFC and other vocational characteristics. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). However, the claimant must still prove that he cannot perform the jobs identified in the ALJ's decision in order to overcome his burden of proving disability. *See id.* After reviewing Plaintiff's file, the Vocational Expert determined that the evidence supports Plaintiff's ability to perform other work. (Tr. 155). Additionally, while Plaintiff has not acquired transferable skill, "the overall vocational profile remains favorable for work adjustment to other jobs." (Tr. 155).

The court has reviewed the record and concludes that the ALJ's findings are supported by substantial evidence, including the testimony provided by Plaintiff himself.

**B.     The ALJ's Duty to Develop the Record Was Fulfilled**

Plaintiff's first argument[2] that the medical evidence of record is far too limited and the ALJ did not properly develop the record is simply off the mark. While the ALJ certainly has a duty to fully and fairly develop the record, this duty does not override Plaintiff's burden to produce the necessary evidence to support his claim. *Ellison*, 355 F.2d at 1276; 20 C.F.R. § 416.912(a) ("[Y]ou have to prove to us that you are blind or disabled [and] must furnish medical and other evidence."). Moreover, to the extent Plaintiff asserts that his due process rights were violated, the court disagrees. "[T]here must be a clear showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded…for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Plaintiff made no such showing and his argument that the medical record is lacking in sufficient evidence is without merit.

The ALJ is required to develop the record for at least the twelve months preceding a claimant's application, 20 C.F.R. § 416.912(d), though he is not required to further develop the record after the claim has been filed. *See Ellison*, 355 F.2d at 1276. In the present case, Plaintiff protectively applied for SSI on November 30, 2007. (Tr. 109-15, 126-28). Accordingly, the ALJ

---

[2] With respect to Plaintiff's first argument, the record includes the following five medical exhibits: office treatment notes from orthopedic centers showing that Plaintiff suffered a back injury that warranted surgery; medical information from Riverview Regional Medical Center; medical evidence from Northeast Orthopedic Clinic showing Plaintiff's pre – and post – surgery treatment; one office treatment note from Quality of Life Health Services where Plaintiff was treated for severe pain; and a Physical Residual Functional Capacity Assessment dated March 11, 2008 from a state agency non-medical source. (Tr. 195-241).

was required to develop the record for the twelve months leading up to November 30, 2007; he was not required to develop the record after that date. *See Ellison*, 355 F.2d at 1276. During his hearing with the ALJ, Plaintiff and his counsel were asked if they objected to any of the exhibits that were on record. (Tr. 27). The ALJ stated "no matter how well I believe you, I need to have some evidence in terms of medical clinical diagnostic laboratory findings that show that you are impaired." (Tr. 26-27). Plaintiff's counsel made no objections relating to the inadequacy of the record, nor did he make any suggestions that there should be further documentation added to the record for the ALJ's consideration. (Tr. 27).

In light of this analysis, the court is not clear on what additional evidence the ALJ should have obtained. The record contains treatment notes following Plaintiff's back surgery. ( Tr. 197-215, 218-19, 232-33). Furthermore, the ALJ noted that he reviewed the medical records of Plaintiff's single visit to Quality of Life Health Services in January 2008, the most recent notes in the record. (Tr. 18, 232-33). Plaintiff testified that he only visited Riverview Hospital one time after the date of those notes, and was given a shot and a prescription at that time. After that visit he did not see any other doctors. (Tr. 44-45). Plaintiff has not denoted the value of any missing record or the prejudice that he contends results from the absence of any record. *See Graham*, 129 F.3d at 1422. Further, it is not lost on this court that Plaintiff suggests only that other relevant evidence "might be available." (Pl.'s Mem. 9).

The ALJ is not required to develop evidence that will help a claimant in proving his claim nor is the ALJ called upon to act as a claimant's *de facto* counsel. *See Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982). Plaintiff was represented by counsel from April 7, 2008, at least through his hearing held on September 8, 2009. (Tr. 23, 76). Plaintiff's attorney did not ask that the record be kept open after the hearing (Tr. 64-65), and no additional evidence was

furnished to the Appeals Council or to this court.  Nor has Plaintiff (or his attorney) demonstrated that there are evidentiary gaps in the record that the ALJ failed to develop or that the ALJ lacked sufficient information to make a decision based upon substantial evidence. *See Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981). Additional development of the record is unnecessary when, as here, the record is already sufficient to allow this court to determine whether the ALJ's decision was supported by substantial evidence.

C.      **The ALJ Did Not Improperly Rely on the Findings of a State Agency Consultant**

Plaintiff's final argument is that the ALJ improperly relied upon the findings of a state agency consultant who was not a physician. (Pl.'s Mem. 9). This argument also fails. While the ALJ did mention the consultant's report, he only did so as further confirmation of his findings that were independently supported.  (Tr. 19). This was not error, and in any event Plaintiff has not shown any prejudice arising from the ALJ mentioning the report. Defendant has cited to the Eleventh Circuit's unpublished decision in *Castel*. *Castel v. Comm'r of Soc. Sec.*, 355 Fed. App'x 260 (11th Cir. 2009). Although that decision has no precedential value, this court concludes that decision is well reasoned and analogous to the decision of the ALJ here. In *Castel*, the ALJ referred to an assessment that may have been signed by a non-physician. *Id*. at 265. Similar to the present case, the ALJ in *Castle* based the majority of his opinion on the other medical evidence in the record. *Id*.

The ALJ in the present case acted in accordance with *Castel* by discussing medical evidence from multiple treating sources. (Tr. 16-19). Most notably, the ALJ relied on doctors' notes dealing with Plaintiff's back surgery at Riverview Regional Medical Center, including the discharge note that indicated Plaintiff's pain had been resolved. (Tr. 16, 195). Simply stated, the ALJ evaluated the entire record when making his decision, and, importantly, took Plaintiff's own

testimony into consideration. The ALJ's denial of disability is based upon a number of reasons which are supported by the record. In his decision, the ALJ discussed Plaintiff's treatment history (Tr. 18). *See* 20 C.F.R. § 416.927(c)(3)(v) (permitting consideration of claimant's treatment history in evaluating subjective complaints). And as the record evidence shows, Plaintiff failed to comply with recommended treatment or to continue with his scheduled doctor's visits regarding his alleged impairments. (Tr. 18, 218).

Finally, the ALJ discussed Plaintiff's daily activities which run counter to his allegations of debilitating pain. *See* 20 C.F.R. § 416.929(c)(3)(i); *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987). Plaintiff reported that he did necessary chores around the house, including but not limited to, cleaning windows, doing laundry, washing dishes, ironing, and cooking. (Tr. 148). Plaintiff sought work and was hired to do some odd jobs. (Tr. 111, 130, 148). The ALJ made note of inconsistencies in Plaintiff's testimony – although he has performed the tasks described above he also claimed that he could not move the trash to the curb.  (Tr. 47-52).

Perhaps most damaging to Plaintiff's assertions is his testimony that was inconsistent with the medical evidence of record. The ALJ has the responsibility of determining whether a claimant's subjective allegations are consistent with the medical evidence. *See* 20 C.F.R. § 416.929. Plaintiff alleges that he experiences pain on his right side (Tr. 18, 45-46); however, his medical records and applications indicate that the pain and back issues he experiences are on his left side. (Tr. 188, 191, 224, 226, 228). When confronted with this inconsistency, Plaintiff stated that he cannot remember ever complaining about his left side. (Tr. 58-59). This evidence called into question Plaintiff's credibility, and the ALJ's findings in this and all other respects are supported by substantial evidence.

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is, therefore, due to be affirmed and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ____12th____ day of September, 2011.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE